UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-21636-KMW

WESLEY ODEUS,

    Plaintiff,

vs.

GC FRIDAYS FLORIDA, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## **DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION**

Defendant GC FRIDAYS FLORIDA, LLC ("Defendant"), hereby moves to dismiss Plaintiff Wesley Odeus's ("Plaintiff") Complaint and compel Plaintiff to submit his dispute to arbitration pursuant to the parties valid and binding arbitration agreement.

**I.   INTRODUCTION**

On or about February 27, 2019, Plaintiff commenced this action by filing his Complaint, alleging that Defendant failed to properly pay him pursuant to Fair Labor Standards Act ("FLSA") and asserting that he was discriminated against based on his disability and terminated in retaliatory fashion in violation of the Florida Civil Rights Act ("FCRA"). [ECF No. 1]. In consideration for his employment with the Company, however, Plaintiff signed and agreed to abide by the Company's Statement of Arbitration Policy and Agreement to Arbitrate ("Agreement") that provides that arbitration shall be the exclusive remedy for any claims arising out of the employment relationship between the parties.

By filing his Complaint in a judicial forum instead of commencing arbitration, Plaintiff disregarded his obligation to arbitrate his claims against Defendant. This Circuit has mandated that arbitration agreements, such as those signed by Plaintiff, are fully enforceable, and employees who enter into such agreements are bound to pursue all covered claims in arbitration rather than court. Plaintiff knowingly consented to arbitration of any claims concerning his employment with the Company. By filing of the instant action, he violated the express terms of his agreement concerning the forum in which his claims would be heard. Consequently, Plaintiff's Complaint should be dismissed with prejudice and Plaintiff should be compelled to pursue his claims in arbitration pursuant to the terms of the parties' Agreement.

## II. STATEMENT OF FACTS

### a. General Background.

Plaintiff worked for Defendant from March 14, 2017 through May 26, 2018. *See* Complaint, ¶12. On February 27, 2019, Plaintiff filed a three-count Complaint alleging: (1) unpaid wages under the FLSA; (2) discrimination based on disability pursuant to the FCRA; and (3) retaliation pursuant to the FCRA. *See generally*, Complaint [ECF No. 1].

### b. Arbitration Provisions.

Plaintiff received, acknowledged, and electronically signed the Agreement when he applied and accepted employment with Defendant on March 13, 2017. A copy of the signed Agreement is attached as Exhibit A. Under the Agreement, the Plaintiff and Defendant agreed that "arbitration shall be the exclusive remedy" of any "disputes between the [Defendant] and its employees concerning any of the terms, conditions or benefits of employment, including disputes arising from termination of the employment relationship[.]" *See* Ex. A. The Agreement

provides that arbitration is the sole method to "pursue any dispute, claim or controversy relating to employment with the [Defendant], or the termination of employment from the [Defendant] (including claims for employment discrimination and harassment), in any court, agency, tribunal or other forum, including a civil action before any jury." *Id*.  Further, all claims must be arbitrated with the American Arbitration Association (AAA) pursuant to AAA's rules in effect at the time the dispute arises. *See id.*

### III. ARGUMENT

#### a. The Federal Arbitration Act Mandates The Enforcement Of Valid Arbitration Agreements.

Under the Federal Arbitration Act ("FAA"), arbitration agreements are "valid, irrevocable, and enforceable." 9 U.S.C. § 2.  Where a party is "aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration," that party "may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  The FAA "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  The purpose of the FAA was "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998) (quotation marks, brackets, and citation omitted).

The U.S. Supreme Court has clarified that the FAA generally applies to contracts of employment. *Circuit City v. Adams*, 532 U.S. 105, 119 (2001); Hill, 398 F.3d at 1289.  Further,

3

"courts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002); *see Circuit City*, 532 U.S. at 123; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991).  In *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S.Ct. 1758, 1774 (2010), the Supreme Court reiterated the long-standing policy that parties are free to agree on the issues they wish to arbitrate and the "rules under which any arbitration will proceed."  Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H Cone Mem'l Hosp.*, 460 U.S. at 24-25.

"The FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable "under ordinary state-law" contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).  Defendant can establish, as explained below, that the agreement is enforceable under Florida law and that the claims fall within the scope of the agreement.  If the Court grants this motion to compel, it should dismiss this action. *See Caley, et al. v. Gulfstream Aerospace Corporation, et al.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (affirming district court's granting of motions to dismiss and to compel arbitration of all of plaintiffs' claims, including FLSA claims); *see also Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (affirming district court's granting motion to compel arbitration and to dismiss action containing FLSA claims).

      **b.  Arbitration Should Be Compelled And This Action Dismissed.**

"[T]he threshold questions a district court must answer when determining whether a case may be properly referred to arbitration are: (1) whether the parties entered into a valid arbitration

4

agreement; and (2) whether the specific dispute falls within the scope of the agreement." *Hudson Global Res. Mgmt. v. Beck,* 8:05-cv-1446-T-27TBM, 2006 U.S. Dist. LEXIS 40904, *15 (M.D. Fla. 2005).

### i. The Agreement Is Enforceable Under Florida Law.

Under Florida law, "the plain meaning of the contract's language controls interpretation of the contract." *Belize Telecom, Ltd. V. Government of Belize,* 528 F.3d 1298, 1306 (11th Cir. 2008). Here, the parties voluntarily entered into a written agreement that includes a voluntary dispute resolution process. There are no colorable grounds upon which to argue that the agreement is not enforceable under Florida's law regarding contracts.

### ii. Plaintiff's Claims Fall Within The Scope Of The Agreement.

The claims asserted by Plaintiff fall squarely within the claims he agreed to arbitrate upon accepting employment with Defendant. The Agreement that Plaintiff signed states that the policy covers any disputes concerning "the terms, conditions, or benefits of employment." *See* Ex. A. The Agreement further provides that "[a]rbitration supplants, replaces and waives any right that the employee or the Company may have to pursue any dispute, claim or controversy relating to employment with the Company, or the termination of employment from the Company (including claims for employment discrimination and harassment), in any court, agency, tribunal or other forum, including a civil action before any jury." *Id*. Plaintiff was employed by Defendant, and each of the claims in Plaintiff's Complaint plainly arise out of and relate to Plaintiff's employment. Thus, each claim against Defendant is subject to the agreed-upon Agreement.

5

### iii. The Instant Action Should Be Dismissed.

Although Section 3 of the FAA provides for a stay of any lawsuit until arbitration has been completed, this rule "was not intended to limit dismissal of a case in the proper circumstances." *Alford v. Dean Witter Reynolds Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). In *Alford*, the court upheld the dismissal of an action with prejudice, reasoning that retaining jurisdiction by staying the action would serve no purpose because any post-arbitration remedies sought by the parties would be limited, and would not involve a merits adjudication of the controversy:

> Although we understand the [defendant's] motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Alford*, 975 F.2d at 1164 (internal citations omitted); *see also Hall Street Associates v. Mattel*, 552 U.S. 576 (2008) (holding that court may vacate an arbitration award only under very limited circumstances). Accordingly, it would be proper to dismiss this action if the Court decides to compel arbitration. *See Caley*, 428 F.3d at 1379 ("the district court properly granted [d]efendant's motions to dismiss and to compel arbitration."); *Jackson*, 425 F.3d at 1318 ("the dismissal and order compelling arbitration . . . is affirmed.").

## IV.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this case and compel Plaintiff to participate in arbitration pursuant to the express provisions of the parties' Agreement.

Dated this 3rd day of May 2019.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL  33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

By:     */s/ Jorge Zamora, Jr.*
         Jorge Zamora, Jr.
         Florida Bar No.:  0094713
         jzamora@gunster.com
         eservice@gunster.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of May 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Peter M. Hoogerwoerd
Florida Bar No. 0188239
pmh@rgpattorneys.com
Nathaly Saavedra
Florida Bar No. 118315
ns@rgpattorneys.com
Carlos Serrano
Florida Bar No. 1010125
cs@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: 305-416-5000
Fax: 305-416-5005

                                        */s/ Jorge Zamora, Jr.*
                                        Jorge Zamora, Jr.

MIA_ACTIVE 4919314.1