
**GOLD COAST HOLDINGS**

## STATEMENT OF ARBITRATION POLICY AND
## AGREEMENT TO ARBITRATE

### RMET Holdings, Inc.
### d/b/a Gold Coast Holdings (Gold Coast Restaurants)
### (As applicable, the "Company")

In order to encourage the speedy, cost-effective resolution of any disputes between the Company and its employees concerning any of the terms, conditions or benefits of employment, including disputes arising from termination of the employment relationship, arbitration shall be the exclusive remedy for any such disputes. Arbitration supplants, replaces and waives any right that the employee or the Company may have to pursue any dispute, claim or controversy relating to employment with the Company, or the termination of employment from the Company (including claims for employment discrimination and harassment), in any court, agency, tribunal or other forum, including a civil action before any jury. This agreement to arbitrate includes, without limitation, employment-related claims against both the Company and any other party whose conduct can create liability on behalf of the Company, including but not limited to the employee's co-workers or supervisors as well as the Company's contractors, customers and visitors. Notwithstanding the foregoing, nothing herein is intended to nor shall preclude any employee from filing any administrative charge of discrimination with the Equal Employment Opportunity Commission or any similar state or local agency with jurisdiction to hear and determine such administrative charges, nor is this agreement intended to provide for arbitration of (i) claims for worker's compensation benefits, or (ii) administrative claims for wage and hour disputes.

Nothing in this Statement of Arbitration Policy and Agreement to Arbitrate is intended to mean that an employee's status is anything other than **At-Will**. Notwithstanding anything contained herein, employment is not guaranteed for any specific term or duration and either the Company or employee can terminate employment at any time, with or without cause.

**PROCEDURE:**

1. Except to the extent specifically modified herein, all arbitrations under this policy shall be conducted by and in accordance with the employment dispute resolution rules of the American Arbitration Association ("AAA") as are in effect at the time the dispute arises (the "Arbitration Rules") (except as such rules may be modified by this policy) and the Arbitration Rules are specifically incorporated herein by this reference. Copies of the Arbitration Rules shall be made available to employees upon request and also are available on the AAA website at www.adr.org.

2. Either the employee or the Company may initiate arbitration. The employee may initiate arbitration by delivering to the Company through personal delivery, certified or registered mail, a written demand for arbitration. The demand shall include a concise statement of the issue(s) to be arbitrated, along with a statement setting forth the relief requested. Along with the demand for arbitration, the employee shall submit a check or money order payable to "American Arbitration Association" in the amount of one hundred fifty dollars ($150) as his or her portion of the administrative fees of the arbitration. Thereafter, the remaining costs of the arbitration, such as the arbitrator's fees, costs of a court reporter, and room rental fees, if any, shall be paid by the Company. Any remaining fees and costs, including but not limited to attorney's fees shall, subject to any remedy to which the prevailing party may be entitled to under the law, be borne by each party to the same extent as that party would be responsible for such fees and costs should the matter be litigated in court.

3. If the Company initiates arbitration, it shall do so by delivering to the employee, through personal delivery, certified or registered mail, a written demand for arbitration. The demand shall contain a concise statement of the issue(s) to be arbitrated, along with a statement setting forth the relief requested. In all respects, any arbitration initiated by the Company shall proceed in the same manner as set forth in paragraph 2 above, with the exception that the employee shall not be required to pay the initial $150 administrative fee.

4. The Arbitrator shall be empowered to award either party any remedy at law or in equity that the prevailing party would otherwise have been entitled to had the matter been litigated in court, recoverable costs, attorneys' fees (where provided by statute or contract) and injunctive relief; *provided*, however, that the authority to award any remedy is subject to whatever defenses or limitations, if any, exist in the applicable law on such remedies. The arbitrator shall have no jurisdiction to issue any award contrary to or inconsistent with law.

5. In any arbitration conducted pursuant to this policy, either party may request the presence of a court reporter for the hearing, the costs of which shall be allocated as provided in paragraph 2 above. Either party may avail itself of any summary judgment and/or summary adjudication of issue procedures that would be available to the party had the action been filed in court. Following the evidentiary portion of the hearing, either party shall have the right to prepare and file with the arbitrator a post-hearing brief, not to exceed fifty (50) pages in length. Any such brief shall be served on the arbitrator and the other party within thirty (30) days of the close of the evidentiary portion of the hearing, unless the parties agree to some other time period. Either party may also request and shall be granted one extension of this time period not to exceed fifteen (15) days. The arbitrator shall have the authority to grant other extensions, or to increase the page limitation set forth above, upon the request of any party for good cause shown.

6. Any disputes concerning the enforcement, scope, and/or applicability of this policy shall in the first instance be determined by the arbitrator. Should either the Company or an employee disregard this arbitration policy and pursue an action subject hereto in any court or administrative agency, upon application of the aggrieved party to a court of competent jurisdiction, the court shall order the matter to arbitration and shall award the prevailing party in any such hearing its reasonable costs and attorney's fees incurred in connection therewith.

7. Any demand for arbitration by the Company or any employee shall be filed within the statute of limitation that is applicable to the claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame and according to these rules shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

8. Should any part of this Statement of Arbitration Policy and Agreement to Arbitrate be declared by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect or for any reason, the validity, legality and enforceability of such provision in every other respect and of the remaining provisions shall not be in any way impaired and the part that is declared to be invalid, illegal or unenforceable shall be reformed by the court so as to give maximum legal effect to the intention of the parties as expressed above.

**I have read this Statement of Arbitration Policy and Agreement to Arbitrate carefully and I understand and agree to its terms. I have been hereby advised that I may consult with an attorney and to ask questions about its meaning, and I have had a full and fair opportunity to do so.**

Digitally Signed By: Wesley odeus on 3/13    odeus, Wesley        3/13/2017
_____    _____    _____
**Signature**                          **Print Name**              **Dated**

                                                                    001288
                                                                    _____
                                                                    **Restaurant #**

**Accepted:**

*Alfonso Fernandez*
_____
**Alfonso Fernandez CEO**